QUESTION: Are tractors operating on seaport property between leased storage lots and the dockside, which tractors must cross a public thoroughfare, subject to the safety equipment requirements of Ch. 316, F.S.?
SUMMARY: Tractors operating on seaport property between leased storage lots and the dockside, which tractors must cross a public thoroughfare, are subject to the safety equipment requirements of Ch. 316, F.S. Chapter 316 contains no exemptions relevant to these tractors and does not provide for administratively determined exemptions from safety equipment requirements. Dade County owns the property of the New Port of Miami, on both sides of Port Boulevard. The Seaport Department of Dade County operates the dockside operation and leases storage lots to private firms. Heavy duty tractors known as "mules" or "goats," owned and operated by the private firms, haul 40-foot tractors known as "bogies" carrying containers between the leased storage lots and shipside. These tractors never leave the port but do cross Port Boulevard, a thoroughfare used by the public and owned and maintained by Dade County. The tractors do not use Port Boulevard except to cross it in the normal course of their operations. The dockside is open to vehicles of the general public right up to the ships. The broad applicability of the Uniform Traffic Control Law, Ch. 316, F.S., is set out explicitly in s. 316.051(1): PROVISIONS OF CHAPTER REFERRING TO VEHICLES UPON THE HIGHWAYS. — The provisions of this chapter shall apply to the operation of vehicles and bicycles and the movement of pedestrians upon all state maintained highways, county maintained highways, and municipal streets and alleys and wherever vehicles have the right to travel. "Vehicle" is also defined broadly in s. 316.003 as "any device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used upon stationary rails or tracks." The only listed exceptions to the applicability of the whole law are for persons and vehicles "actually engaged in work upon the surface of a highway," s. 316.051(4)(b), F.S., and for emergency vehicles responding to emergencies, s. 316.051(5). The port tractors are included within the definition of vehicle and do not fall within the two listed exceptions. Furthermore, it appears that the general public has a "right to travel" to and upon the dockside. Therefore, I must conclude that the Uniform Traffic Control Law applies to the tractors in question both upon the county-maintained highway and upon the dockside. The regulations concerning lamps and other equipment required by Ch. 316, F.S., apply to "any highway any vehicle," s. 316.059(1); but s. 316.059(3) exempts "implements of husbandry, road machinery, road rollers, or farm tractors" from the general equipment provisions except as they are otherwise made applicable. Also, s. 316.059(4) exempts motorcycles and motor driven cycles. The tractors used at the New Port of Miami are not farm tractors since that classification depends on the vehicle being "primarily used as a farm implement," s. 316.003(12); nor does it appear that they can qualify under any of the other express exceptions. By the rule of construction expressio unius est exclusio alterius, the fact that the above exceptions are listed means that no other exceptions may be read into the general equipment requirements of Ch. 316. Therefore the general equipment requirements apply to these tractors. Specific items of safety equipment will not be required for certain vehicles if the sections requiring those items contain additional exceptions. For example, the section requiring windshields, s. 316.210, supra, exempts motorcycles, implements of husbandry, and grove equipment. The port tractors do not fall within these exceptions and, again, the express mention of these exemptions implies that no others can be allowed, so the port tractors must have windshields. A review of the other sections of Ch. 316, supra, requiring specific items of safety equipment reveals no exceptions pertinent to the port tractors. See s.316.220 (head lamps — though s. 316.219 may allow the tractors to have less powerful head lamps); s. 316.221 (tail lamps); s.316.222 (stop lamps and turn signals); s. 316.261 (brakes); s.316.271 (horns, when operating upon a highway); s. 316.272
(mufflers); s. 316.273 (mirrors). I note in passing that s. 316.009, supra, allows the Department of Transportation or local authorities with respect to highways under their authority to issue special permits authorizing the applicant to operate or move a vehicle "of a size or weight of vehicle or load exceeding the maximum specified in this chapter, or otherwise not in conformity with the provisions of this chapter, upon any highway . . . for the maintenance of which said authority is responsible." The "or otherwise not in conformity" should not be read to authorize permits waiving safety requirements. The concern of the Department of Transportation is with the physical preservation of highways and the efficiency of transportation systems. See Part III, Ch.23, F.S.; s. 316.006, supra. This section allows permits for activities which might tend to damage roads or obstruct traffic. The authority to regulate and enforce traffic laws as to safety equipment is vested in the Department of Highway Safety and Motor Vehicles. See ss. 316.003(8) and 316.016, supra. The permitting power given to local authorities under s. 316.009 must be read in pari materia with the power of the Department of Transportation. Such a reading limits the power to allow permits for activities which might damage roads or obstruct traffic. No similar permitting power is authorized as to safety equipment.